Ruffin, Chief Justice.
 

 — The Court deems it proper to premise, that the rule acted on in assessing damages, as far as it respects the injury to plaintiff’s health, is not considered as presented to the revision of this Court. The caséis stated with a different view. Possibly the judge excludes that allegation of the petition from the consideration of the jury, because it was not proved; for while it is stated that evidence was given for the plaintiff on the other parts of his case, the record is silent as to any on this. But, as it is not probable, that the mere result of a defect of proof would. be so "emphatically set out in the verdict and case, it may be supposed, that his Honor entertained the opinion, that an injury to health by the erection of a mill is not such a private nuisance, as can be redressed by an action for damages; or that it cannot be redressed by this peculiar remedy. Whether the opinion, thus supposed, be correct or not, it would be extrajudicial now to pronounce. The record does not contain facts to raise the question. If it did, and such an opinion was given, it was adverse to the plaintiff, and he has submitted to it. Por an error, if there be any, in the opinion, the Court would not therefore reverse the judgment of the Superior Court. While that is so, it seems proper to disclaim the sanction of it, which might be inferred from affirming the judgment. The Court does not consider the point at all; and to prevent a possible inference to the contrary, is the sole purpose of adverting to it.
 

 The case depends upon the exception of the defendant. Notwithstanding he joined in the issue tendered in the replication, he moved the Court to exclude all evidence on it, on the part of the plaintiff. That actually given is not stated. The objection is not, therefore, to the particular evidence, as irrelevant, incompetent, or insufficient to prove the issue; but is, in substance, that the issue is, itself,
 
 *224
 
 immaterial, and that consequently the defendant would be entitled to judgment, notwithstanding a verdict on it against him. The evidence must be deemed proper, and to authorise the verdict, if any could be of that character, and have that effect. The counsel has so treated the case in the argument, and has contended, that there cannot, in such a case, be a fraud, legally speaking, and that, therefore, it cannot be proved or founded upon any evidence.
 

 It is said, that the act of 1715 means to protect the
 
 rights
 
 of creditors, and is satisfied, if the party injured is not defeated of all remedy against any person ; and that this case cannot be within it, because the defendant’s alienee becomes responsible, each proprietor being successively liable for the damages in his own time: and so the plaintiff is not without adequate redress.
 

 As subsidiary to these positions, the counsel for the defendant laid down the general proposition, that one who erects a nuisance, and then aliens the land, was not, before the act of 1809, liable for subsequent damages arising from its continuance; and that our statute clearly restricts this remedy by giving it against the owner or proprietor for the time being. The Court does not consider this case as calling for any construction of the act of 1809, upon this point; nor deem it necessary to pursue, with the learned counsel, researches into the ancient law upon the first part of the proposition. For, allowing to alienation the operation demanded upon the remedy by
 
 quod permitted
 
 at the common law, or upon the writ of assise, either before or after the statute of Westm. 2, c. 24; and yielding to it any effect, that may be desired, on the action on the case, which, as respects the recovery of damages, has been substituted for the assise; or the like effect upon the petition in our law; yet the alienation supposed must be a real alienation, and not a feigned nor a fraudulent one. The general question is not open upon this record; in which it is found, that the deed made by the defendant was executed with the intent to defeat the plaintiff of his damages sought to be recovered in this suit.
 

 The case is therefore brought back to the point of the exception; which is, whether the deed could have that
 
 *225
 
 effect, if it stood, or could, in a legal sense, have been made with that intent.
 

 On these questions the Court entertain no doubt. Many cases may be easily conceived, in which the deed would prejudice the plaintiff, both as to his rights and his remedies. If the defendant, being liable for the damages in his own time, was insolvent, except as the owner of the mill, and conveyed that, voluntarily, the plaintiff would lose his previous damages. The deed may be upon an express or secret trust for the defendant, he continuing in the perception of the profits ; or it may have a clause of revocation, and thus be within the words of the statute 13th Eliz. The alienee also may be insolvent, and the conveyance made to him for that reason ; for the injury to the plaintiff may be greater than the value of the mill will answer, by the time judgment can be had against the alienee. But we do not think it necessary, that the object should be, ultimately to defeat the plaintiff entirely of his damages, or any part of them, though that intent is alleged and found in this case. It is sufficient, if the object was to blind him, to put him to a difficulty as to his remedy, so as to delay him of a direct one, and hinder him of that which was most beneficial, and impose costs on him. Such a design would be deceitful and fraudulent. Suppose this deed to have been made secretly and disclosed for the first time in the plea: that it was without consideration, to an infant or to a son, or to one not resident in the state, and that there was no visible change of occupation: and all this to the intent that the plaintiff should not know the owner, but should sue the present defendant, under the belief, that he continued to be the owner; and thus be delayed of his remedy against the alienee, and defeated in the action against the alienor. The case,-we think, would be clearly within the statute, and the plaintiff have a right to treat the title, as if no such deed had ever been made. The case supposed is precisely within that of
 
 Leonard,
 
 v. Bacon, Croke Eliz. 234. In Formedon, the defendant pleaded
 
 non tenure,
 
 on which the plaintiff took issue. Before suit brought, the tenant had, in fact, enfeoffed several persons of the lands; but it was found, that it was
 
 *226
 
 to the intent to defraud those who claimed the land, and that he took the profits. There, it might have been argued, that the conveyances worked no wrong, and defeated no right; for the feoffees were good tenants to the precipe, and might have been sued. But it was held otherwise, and adjudged for the demandant under the statute of Elizabeth. This must have been upon the ground, that the conveyances, although they might not defeat the plaintiff’s right, were intended to hinder the remedy against the feoffor, and to delay him of one against the feoffees.
 

 The Court is not, indeed, aware of any instance in-which a conveyance may enure when it is made and received with the intent that it shall enure to hinder or delay a creditor or other claimant of his remedy, as provided, by law, directly against him who makes the conveyance, in which it is not avoided, either at common law, upon a general principle of justice, or by force of the statute, in in the same manner as if the intention was to defeat the right altogether. In truth, that might be the ultimate effect of such devices; since by successive secret aliena-tions, the title would be so passed from one to another, that the party could never know whom to sue.
 

 Per Curiam. Judgment affirmed.